Pelt v. Hon Johnson (Der) 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-149-CV

Â Â Â Â Â Â Â Â JOHN HENRY PELT, INDIVIDUALLY AND AS
Â Â Â Â Â Â Â Â PARTNER OF AZTEC GENERAL AGENCY, 
Â Â Â Â Â Â Â Â A TEXAS GENERAL PARTNERSHIP, ET AL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Relators
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â HONORABLE DERWOOD JOHNSON, JUDGE,
Â Â Â Â Â Â Â Â 74TH DISTRICT COURT, MCLENNAN COUNTY,
Â Â Â Â Â Â Â Â TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Respondent
 

 ORIGINAL PROCEEDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Dissenting Opinion
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â If we follow the recent Supreme Court guidelines in determining whether the "death
penalty" sanction is proper, we should approve its imposition in this case. See Transamerica
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917-18 (Tex. 1991).
Â Â Â Â Â Â Â Â Â Â In determining whether a sanction is "just", the Court suggested two standards to be
followed. First, there should be a direct relationship between the offensive conduct and the
sanction imposed, meaning that the sanction must be directed against the abuse and toward
remedying the prejudice caused the innocent party. Second, "just" sanctions must not be excessive
and a sanction imposed for discovery abuse should be no more severe than necessary. See Id. at
917. Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses
unless a party's hindrance of the discovery process justified a presumption that its claims or
defenses lack merit. However, if a party refuses to produce material evidence, despite the
imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit
and dispose of it. Id. at 918. (Emphasis added). Further, the court should not impose "death
penalty" sanctions absent a party's flagrant bad faith or counsel's callous disregard for the
responsibilities of discovery under the rules. See Id. at 918. 
Â Â Â Â Â Â Â Â Â Â In this case, Pelt was noticed for a deposition with subpoena duces tecum requiring him
to bring several documents, including canceled checks and deposit slips from the business account
where the money in controversy had been deposited. He appeared for the deposition on October
22, 1990, without the requested documents. Neither he nor his counsel advised opposing counsel
at that time that Relators routinely disposed of his canceled checks and deposit slips each month
after he reconciled his bank statement. On November 20, the court heard Relators' motion for
protection and the plaintiffs' motion to compel. It is important to note the court's ruling set out
in the order dated December 6, 1990, ordered the Relators to produce the requested items to the
plaintiffs within 10 days and ordered him to pay $250 to plaintiffs' counsel as a reasonable
attorney's fee for having to prepare and prosecute the motion to compel.
Â Â Â Â Â Â Â Â Â Â After plaintiffs' counsel notified Relators' counsel by letter dated January 23, 1991, that
none of the ordered documents had been received and further stating that a motion to strike
pleadings would be filed if the documents were not received by January 28, Relators' counsel
delivered all the requested documents but the canceled checks and deposit slips on February 7 and
paid the $250 fine. Note that neither Relators nor their counsel advised plaintiffs' counsel at that
time that the canceled checks and deposit slips had been destroyed. 
Â Â Â Â Â Â Â Â Â Â On April 28, two weeks before the trial was scheduled, plaintiffs' counsel advised Relators
by letter that discovery was still incomplete because of their failure to deliver the checks and
deposit slips. The letter further advised that a motion to strike pleadings would be filed if the
missing documents were not provided within ten days.
Â Â Â Â Â Â Â Â Â Â On April 25, plaintiffs agreed in a letter to move the trial setting to August 5 to allow time
to complete the depositions of Relators. They stated in the letter their understanding that Relators
were obtaining the missing items from the bank. On May 7, plaintiffs advised Relators that if
documents were not delivered by May 14 that a motion to strike pleadings would be filed.
Â Â Â Â Â Â Â Â Â Â Finally, on May 10, Relators advised Plaintiffs that Pelt had not kept the canceled checks
and deposit slips, but that Relators had obtained approval for the plaintiffs to obtain the same from
the bank at plaintiffs' expense, estimated to be from $3,000 to $5,000. Plaintiffs' acknowledged
receiving this information and advised Relators in a letter on May 15 that the burden was on
Relators to produce the court-ordered documents.
Â Â Â Â Â Â Â Â Â Â On June 24, as an apparent last remedy, plaintiffs filed a motion for sanctions seeking to
strike Relators' pleadings and to recover attorney's fees. On June 26, Relators responded with
a motion for protection, which was aptly described by plaintiffs' counsel as "a motion seeking
protection from the court's own order."
Â Â Â Â Â Here, the court had already ruled on December 6, 1990, that the requested documents were
material; however, in the hearing on motion for sanctions and Relators' motion for protection
presided over by visiting judge, Honorable J. F. Clawson, Relators sought to argue that the checks
and deposit slips were not relevant. The visiting judge was correct in advising Relators that the
relevancy matter had already been litigated and was not before the court. In Pelt's testimony at
the hearing, he stated that "I throw away the checks . . ." Even so, Relators made a final
argument that the canceled checks and deposit slips were not discoverable because they were no
longer under the "care, custody and control" of Relators, but were obtainable from the bank. The
court responded to the effect that no one is obligated to keep canceled checks and
deposit slips, but that it is probably prudent for business people to keep adequate records,
especially in view of IRS requirements. The court further ruled that this argument was not timely,
that it should have been raised at the November 20, 1990, hearing.
Â Â Â Â Â Â Â Â Â Â In ordering the Relators' pleadings stricken, the court could have reasoned that the
offensive conduct was caused directly by the Relators in destroying his canceled checks and
deposit slips. The court could have also reasoned that Relators were intentionally dilatory in not
advising plaintiffs' counsel of this fact when the other requested documents were delivered on
February 7, 1991. After hearing Relators testify and watching the interaction of the Relator with
his counsel, the court could have also reasoned that Relators were intentionally attempting to abuse
the discovery process, for it was the Relators who destroyed the items sought to be discovered,
not Relators' counsel. In making its decision, the court could have concluded that Relators'
counsel was simply following his clients' directives. Relators failed to advise the court at the
hearing on the motion to compel on November 20, 1990, that Pelt had thrown away the canceled
checks and deposit slips or at any of the other communications between the parties' counsel until
it was finally revealed on May 10, 1991, at which time Relators' position was that plaintiffs could
get the documents, but only at a cost of $3,000 to $5,000. From this conduct, the court could
have found the Relators were acting in bad faith. Here, the court could have considered the
precedent that would have been established if Relators' position had been followed. All a party
would have to do to avoid discovery would be to destroy the requested records and make it either
impossible or too costly for the requesting party to obtain them.
Â Â Â Â Â Here, the court followed the Supreme Court's guideline in that, before ordering the pleadings
stricken, it had ordered lesser sanctions, which Relators had refused to follow, thereby availing
the court of the presumption that the Relators' pleadings lacked merit and could be stricken. See
Id. at 918.
Â Â Â Â Â In Justice Gonzales's concurring opinion in Transamerica, he states that "...trial judges should
not be trigger happy. They should first issue orders compelling discovery." This is exactly what
occurred in this case, followed by the Relators' continued refusal to comply with the order
compelling discovery dated December 6, 1990, until finally the court had little other alternative
than striking the pleadings. The choice of sanctions is left to the sound discretion of the trial
court. Id. at 917. After considering the record in this case, along with the guidelines provided
in the majority and concurring opinions in Transamerica, I cannot find that the court's imposition
of the "death penalty" was arbitrary or unreasonable, but to the contrary, it follows the rules and
suggested guidelines and appears to be reasonable under the circumstances of this case.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS


Opinion delivered and filed October 30, 1991
Publish 



nt-family:Palatino'> 

Â 

a.Â Â Â Â Â Â Â Â Â Â 
The first paragraph of the
opinion is in reference to the two items and says his complaint is that the
district clerk will not file them.Â  This presents two problems.Â 
First, if that is what he is complaining about, those documents are not items
addressed to this Court and should not be filed by the clerk of this Court as
freestanding documents seeking relief.Â  Rather they should be, as Mr. Long
seeks to have them considered, exhibits to something else.Â  Second, Mr.
Longs complaint, in this proceeding, is not that that the district clerk
refused to file these documents.Â  In Âthis proceedingÂ which is
10-06-00311-CR, not 10-07-00084-CR, he wants to use these as exhibits to his
motion.Â  He wants to use them in his appeal(s) too, but his appeal is
apparently not here yet. 

Â 

b.Â Â Â Â Â Â Â Â Â 
The second paragraph of the
opinion is in reference to the motion in which Long seeks to know why Judge
Jackson determined he was a vexatious litigant.Â  This paragraph is, in
fact, correct except that it implies that it is a separate proceeding.Â  It
is not.Â  This is only a motion filed in an existing proceeding,
10-06-00311-CR, not a separate proceeding now docketed as mandamus
10-07-00084-CR.

Â 

c.Â Â Â Â Â Â Â Â Â Â 
The next paragraph then
discusses a little history regarding only one of LongÂs mandamus proceedings
and a part of the district judgeÂs response thereto.Â  A nice little ditty,
but it is both incomplete and irrelevant to the relief or ruling sought by Mr.
Long. 

Â 

d.Â Â Â Â Â Â Â Â Â 
The holding paragraph then
dismisses as moot a mandamus proceeding that Long did not file and that does
not rule on the relief he has sought.


Â 

Â Â Â Â Â Â Â  The ÂmotionÂ that we should be ruling on
was set up in case management in docket number 10-06-00311-CR.Â  That is
the proceeding in which Mr. Long indicated the motion should be filed.Â  If
this is only considered as a motion, there is no reason that motion could not
simply be denied and end that issue now.Â 

Â Â Â Â Â Â Â  I guess the Clerk could send him back a
copy of the letter he requested, but I would also tell him that we do not
normally make copies for the parties and that this is the last time we will
make copies for him.

Â Â Â Â Â Â Â  And we could then have our Clerk make
inquiry of the district clerk to see if, in fact, there are one or more notices
of appeal filed in regard to the alleged failure to file the two exhibits
attached to the motions that will need to be set up as an appeal(s).Â 
Alternatively, we could just wait and see if they get forwarded to us as such
because Mr. Long does indicate they were actually filed by the district clerk.

Â Â Â Â Â Â Â  In addition to the writ-of-attachment and
the application-for-bill-of-review, the motion about why Mr. Long is declared a
vexatious litigant by the trial court is also set up in case management as a
pending motion in the new proceeding, 10-07-00084-CR.Â  Thus, the same
motion was docketed in two proceedings.Â  It is not ruled on by the opinion.

Â Â Â Â Â Â Â  After making the foregoing comments based
upon the documents provided with the draft opinion, I decided that, given the
confusion, I had better pull the pleading and correspondence files for
10-07-00084-CR and 10-06-00311-CR.Â  I could not find the correspondence
file for 10-06-00311-CR.Â  In the pleading file, I found a copy of the
motion with the new docket number in the file for 10-07-00084-CR, although the
copy being circulated with the opinion is not so stamped.Â  

Â Â Â Â Â Â Â  In the new proceeding that was set up as
an appeal, Mr. Long was sent the standard new-criminal-file letter and
docketing statement.Â  He returned it and said that this new criminal
appeal related to the attachments that had been provided with the earlier
mandamus, which would be the writ-of-attachment and the
application-for-bill-of-review that were also attachments to the motion.Â 
I still have not found what mandamus he is referring to unless it was
10-06-00311-CR, or possibly one of the two written by Justice Vance,
10-06-00325-CV and 10-06-00329-CV.Â  Basically, by the docketing statement,
Mr. Long has converted what should have been set up as a motion but was set up
as a criminal appeal to a new mandamus proceeding.Â  Thus, what is actually
the most important document to understand what is being done in the opinion,
which is Mr. LongÂs docketing statement, was not being circulated with the
draft opinion but was left in the file.Â  I question if this new proceeding
would be properly denominated as a criminal proceeding with the designation
ÂCRÂ if the other two mandamus proceedings regarding the trial court
proceedings in which Mr. Long wanted to file documents with the district clerk
were designated as civil proceedings, ÂCV.ÂÂ  But this whole thing is a
mess because we are letting Mr. Long get away with making a mockery of the
rules.Â  It is this type litigant where it is critical to proceed one step
at a time and why I advocated that only one chamber deal with this type of
repeat litigant.Â  That is what we have been doing in the
appeals/proceedings in which other repeat litigants are involved.Â  And that is
what we did in an appeal in which it was clear from the beginning that we had a
difficult litigant who refused to regard the rules as applying to proceedings
in which they were representing themselves, and who refused to respond as
requested to our notices and requests of this CourtÂs clerk.Â  In fact, it
was what we were doing in Mr. LongÂs numerous proceedings until the two
mandamus proceedings were taken over by a different chamber and those two
requests for mandamus were granted rather than requiring Mr. Long to proceed in
the proper manner. 

Â Â Â Â Â Â Â  What I would do, after cleaning up the
filing and case management, with everything other than the motion and a copy of
the exhibits, is to return it all to Mr. Long and tell him we cannot tell what
he is requesting and that his motion filed in 10-06-00311-CR for an explanation
of why Judge Jackson determined him to be a vexatious litigant is DENIED, unless
our plenary power has expired, in which case I would tell him it is dismissed
because our plenary power has expired and we have no jurisdiction to grant any
relief in that proceeding.

Â Â Â Â Â Â Â  I asked the authoring justice if he would
consider cleaning up these proceedings, both as to what is in case management
and the opinion, before I have to do anything else in response to the draft
opinion in circulation.

Â Â Â Â Â Â Â  And this is where my original
communication and request to the authoring justice ended.Â  The authoring justice
rejected my request.

Where to Next?

Â Â Â Â Â Â Â  When my request was rejected, I conducted
a further examination of the files.[3]Â 
Upon further review I have determined that the following is what should be done
with the plethora of documents now presented to us by Mr. Long.

Â Â Â Â Â Â Â  The writ-of-attachment apparently relates,
though only generally, to the mandamus proceeding written on by Justice Vance
in 10-06-00239-CV.Â  That mandamus related to the district clerkÂs refusal
to file a suit against Elaine and Jorja Stout.Â  The writ of attachment
sought to be filed by Mr. Long was a result of the trial courtÂs alleged
failure to require Mr. and Mrs. Stout to attend and give testimony at Mr.
LongÂs habeas proceeding.Â  Mr. Long has properly denominated this document
as an exhibit to his motion and possibly as an exhibit to 10-06-00239-CV or a
new proceeding that has not yet been filed related to the district clerkÂs
alleged refusal to accept the document for filing.[4]Â 
It is unclear if this document was filed in the habeas proceeding or not.Â 
What is clear is that this is not a document seeking a ruling from this Court,
because it is only an exhibit to some other request.Â  Giving the absolute
broadest construction to Mr. LongÂs pleadings before this Court, in particular the
docketing statement filed in this proceeding, I believe Mr. Long is requesting
that the district clerk be compelled to file this writ-of-attachment, although
I am not sure in which proceeding Mr. Long wanted to file it.Â  Because
there is actually no live pleading before us in which Mr. Long articulates his
request, I would inquire of Mr. Long which of the numerous proceedings either
in the trial court, or this Court, to which this document relates, and what
relief he seeks with regard to it.

Â Â Â Â Â Â Â  The application-for-bill-of-review
apparently relates to Mr. LongÂs effort to have the trial court reconsider its
prior ruling denying the requested disclosure of the informant in Mr. LongÂs
criminal conviction.Â  Mr. Long has properly designated this document as an
exhibit to the motion.Â  By the docketing statement, it is clear that he
sought to file this document with the district clerk but it, too, was
rejected.Â  It is unclear whether the application was to have his habeas
corpus proceeding or his original criminal proceeding reconsidered.

Â Â Â Â Â Â Â  The motion-for-explanation-of-why presents
an entirely different problem for us and Mr. Long.Â  By the trial courtÂs
February 20, 2007 order in connection with Mr. LongÂs attempt to file a civil
proceeding against Don Phillips, one of the attorneys who represented Mr. Long
and has subsequently been sucked into the vortex of these Long proceedings,[5]
Mr. Long has been declared a vexatious litigant.Â  It is critical to note
that this order was not before us in either of the prior mandamus proceedings
written on by Justice Vance in 10-06-00235-CV and 10-06-00239-CV.Â  There was
only one ÂorderÂ in the file of either of these proceedings and it was not
properly in the record, but it was not the order that Mr. Long is now
complaining about.Â  And in Judge JacksonÂs letter in response to the mandamus
proceeding, Judge Jackson only vacates one order.Â  The full text of Judge
JacksonÂs order is as follows:

ORDER VACATING PREVIOUS ORDER

Â 

Â Â Â Â Â Â Â  Pursuant to the opinion of the Tenth Court
of Appeals in Nos. 10-06-00235-CV and 10-06-00239-CV, the Court hereby vacates
its previous order which directs the Clerk to reject further requests for
relief and lawsuits filed or to be filed by Carl Long.Â  The Clerk shall accept
such filings in the future and such matters shall be docketed accordingly.

Â Â Â Â Â Â Â  Carl Long is directed to resubmit such
suits as he deems proper.

Â Â Â Â Â Â Â  Although this Court is inclined to believe
that the Dissenting Opinion is a correct exposition of the circumstances and
applicable law, a cost/benefit analysis leads the Court to conclude that (1)
the requests of Mr. Long can be fairly and expeditiously considered by this
Court, (2) The Supreme Court of Texas has far more pressing issues to explore,
and (3) this Court is loath to deprive the Court of Appeals from its consideration
of Mr. LongÂs future appeals.

Â Â Â Â Â Â Â  SIGNED the 19th day of March,
2007.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  John
H. Jackson, Judge

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  13th
Judicial District

Â 

Â Â Â Â Â Â Â  Though titled as a motion, Mr. Long
clearly wants the propriety of that February 20, 2007 ruling determined.Â 
The determination by a trial court that a particular litigant is ÂvexatiousÂ
and prohibited from filing future litigation is an order that is subject to
appeal.Â  Giving Mr. LongÂs pleading its logical and intended effect, it is
a document by which Mr. Long seeks to have an order of a district judge
reviewed for propriety by an appellate court.Â  We normally call that
document a notice-of-appeal.Â  Mr. LongÂs designation as a vexatious
litigant is an order that should have serious consequences for Mr. Long in his
quest to file future proceedings, as he has already indicated he intends to
do.Â  It is an order that is civil in nature, not criminal, and therefore,
it should not be the subject of this proceeding which has been designated
CR.Â  If, on the other hand, it is the subject of the majority opinion as
it appears that the majority has now made it, then it is certainly not moot as
the majority has determined.Â  By dismissing this proceeding, the trial
courtÂs February 20, 2007 determination declaring Mr. Long to be a vexatious
litigant remains the undisturbed ruling of the trial court.Â  And unless
the majorityÂs opinion is reviewed and reversed by a higher court, that
determination will be a determination that will soon become final for appellate
purposes.[6]

Â Â Â Â Â Â Â  Anyone who has followed the extensive
proceedings in which Mr. Long has been involved before this Court and the
membersÂ of this CourtÂs public disagreement over the nature and manner of the
disposition of these numerous proceeding may be surprised to find that I am of
the opinion that Mr. Long is entitled to a review and determination of whether
the trial court properly determined that Mr. Long is a vexatious
litigant.Â  The February 20, 2007 determination that Mr. Long is a
vexatious litigant is an order that Mr. Long has sought the review of by this
Court and the majority has held that the trial courtÂs determination that Mr.
Long is a vexatious litigant is moot.Â  It is not.Â  That ruling has not been
reviewed.

Â Â Â Â Â Â Â  Because it is impossible for me to
understand, much less agree with, what the majority is doing in this
proceeding, and because my lengthy note was unsuccessful in obtaining
clarification of what they are doing in this proceeding, I have no alternative
other than to lodge my dissent and await the time with patience until the
effect of their holding is manifested in subsequent proceedings pursued by Mr.
Long.









[1]Â  I have spent far more time on these proceedings
than they deserve or should require.Â  After reviewing the courtÂs opinion it
occurred to me that the more work I do to illuminate the problems the more that
is done to validate that which has already been proposed and decided upon.Â  To
assist the reader with understanding the legal analysis and fundamental
problems in these multiple proceedings, I have attached as an appendix the last
full draft dissenting opinion that I had distributed when there was only one
proceeding.Â  I trust that the reader of this work will therefore be able to
follow and understand my dissent.





[2]Â  The note, which initially was sent as an email
on April 6, 2007, had to be edited slightly to convert it to this format and
text appropriate for this dissenting opinion.Â  To the extent possible, it is
presented as delivered.





[3]Â  Little did I realize at the time I prepared my
initial response or my draft dissenting opinion that these files did not
contain three other Âproceedings,Â two of which had not been presented to our
clerk for filing, and one had been filed only as a motion.Â  Two of those
proceedings had been received on March 22, 2007 and the third indicates it was
received on February 26, 2007 but filed on January 26, 2007 (yes, it indicates
it was filed a month before it was received).Â  But in the throes of trying to
understand and grasp what the majority was doing in this proceeding, I found
these other proceedings, two of which are clearly unfiled mandamus proceedings
with a copy of the third proceeding which had been filed as a motion, although
it was a mandamus proceeding against our clerk for not filing his pleadings and
not responding to his correspondence.Â  The proceedings were lurking in the
office of the authoring justiceÂs staff attorney, after having been reviewed by
the other justiceÂs more senior staff attorney.Â  I do not know why these
proceedings had not been filed, processed, or otherwise acted upon, but there
will be rationalizations offered.Â  And they will probably wind up being filed
DOR (Date of Receipt) so, except for this, you would never know.

Â Â Â Â Â Â Â Â Â Â  Once I got over the frustration, anger, and disappointment
caused by this discovery, I had to laugh at the irony.Â  The irony that on March
14, 2007 a majority of this Court conditionally mandamused a trial court judge
because he prevented the district clerk from filing a proceeding and then a
week later, we received but did not file two proceedings.Â  It reminds me of the
age-old admonition Âdo as I say do, not as I do.ÂÂ  I suspect that by the time
you read this, they will be filed, and possibly disposed of, but the irony lies
upon the air like the smell of wisteria blooms on a still night just as the
night turns to dawn Â it is a smell you will never forget.

Â 





[4]Â  See prior footnote regarding the unfiled
mandamus proceedings.Â  In the transmittal letter with these two proceedings,
Mr. Long explains as follows:

Â 

COVER LETTER

Â 

DEAR
CLERK,

(1.)Â 
PLEASE FIND ENCLOSED FOR FILING A ORIGINAL AND 2 COPIES OF APPLICATION FOR
MANDAMUS AND DUE PROCESS RIGHTS AND FURTHER THE ESTABLISHMENT OF PREJUDICE OF
JUDGE JACKSON.

(2.)
ALSO ENCLOSED FOR FILING IS A ORIGINAL AND 2 COPIES OF APPLICATION FOR MANDAMUS
TO OBTAIN THE FINDINGS OF ATTORNEY AMANDA DOAN FROM THE TRIAL COURT.

(3.)Â 
ALSO ENCLOSED IS A EXHIBIT THE TRIAL JUDGE ORDER TO SUPPORT THE MANDAMUSÂES

(4)Â Â 
LAST WEEK I MAILED YOU A MOTION FOR EXSPLANATION WHY JUDGE JACKSON SAYS CARL
LONG IS A VEXATIOUS LITIGANT AND REQUEST THE ESTABLISHMENT OF PREJUDICE OF
JUDGE JACKSON.

(5.)Â 
ALSO WITH THIS MOTION WAS A APPLICATION FOR WRIT OF ATTACHMENT THE TRIAL COURT
DENIED

(6.)Â 
ALSO WITH THE MOTION WAS A BILL OF REVIEW THE TRIAL COURT DENIED

(7.)Â 
ÂI WOULD LIKE ALL THIS FILED WITH THE MANDAMUSES TO SUPPORT THE MANDAMUSÂÂ Â  ÂJUST
FILE IT ALL TOGETHERÂ ÂPLEASEÂ

FINALLY: MY
INDIGENCE HAS BEEN ESTABLISHED WITH THIS COURT AND Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NOTHING
HAS CHANGED.Â  I HAVE RECEIVED NO MONEY SINCE Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE
ESTABLISHMENT. BUT IF I NEED TO RE-SUBMIT Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  APPLICATION
OF INDIGENCE I WILL ÂJUST PLEASE NOTIFY ME.Â

IÂM
SORRY I GOT AHEAD OF MYSELF ON FILING THESE DOCUMENTS JUST ÂPLEASEÂ PUT IT ALL
TOGETHER AND PRESENT IT TO THE COURT.Â  ÂAND NOTIFY ME IT ALL HAS BEEN FILEDÂ ÂSORRY
FOR THE INCONVENIENCEÂÂ  ÂTHANK YOU VERY MUCH FOR YOUR CONSIDERATIONÂ

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  SINCERELY,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  CARL
LONG #1001354

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  LYNAUGH
UNIT

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  1098 SO HWY 2037

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FORT STOCKTON TX 79735





[5]Â  1.Â Â  Long v. State, No. 10-00-00305-CR,
137 S.W.3d 726 (Tex. App.ÂWaco 2004, pet. refÂd) (manufacture of
methamphetamine) (Vance, J., dissenting);

Â Â  2.Â Â  Long v. Wright, No. 10-01-00173-CV (Tex. App.ÂWaco Jan. 9, 2002, no pet.) (not designated for publication) (LongÂs suit against lawyer
was dismissed under Chapter 14);

Â Â  3.Â Â  In re Carl Long, No. 10-01-00203-CV (Tex. App.ÂWaco July 25, 2001, orig. proceeding) (not designated for publication) (Long attempted to
mandamus the district clerk to prepare and file a clerkÂs record relevant to
his appeal);

Â Â  4.Â Â  Long v. Phillips, No. 10-04-00109-CV, 2004 Tex. App. LEXIS 6081 (Tex. App.ÂWaco July 7, 2004, no pet.) (mem. op.) (Long attempted to
file suit against two attorneys.Â  The trial court signed an order directing the
district clerk not to file the lawsuit, and Long appealed);

Â Â  5.Â Â  Long v. Tanner, No. 10-04-00160-CV, 170 S.W.3d 752
(Tex. App.ÂWaco 2005, pet. denied) (After his conviction for manufacture of
methamphetamine, Long filed suit against the lead criminal investigator in the
case alleging fraud, violation of equal protection and due process, perjury,
and aggravated perjury.Â  The trial court dismissed LongÂs suit as frivolous);

Â Â  6.Â Â  Long v. Batchelor, No. 10-04-00161-CV, 2005 Tex. App. LEXIS 5704 (Tex. App.ÂWaco July 20, 2005, no pet.) (mem. op.) (After his
conviction for manufacture of methamphetamine, Long sued the district attorney
alleging fraud, prosecutorial misconduct, concealment of the truth, tampering
with evidence, and withholding of favorable evidence.Â  The trial court
dismissed LongÂs suit as frivolous.) (Gray, C.J., dissented to modification to
delete Âwith prejudiceÂ);

Â Â  7.Â Â  In re Long, No. 10-06-00235-CV (Tex. App.ÂWaco Sept. 27, 2006, order) (ordering response to petition);

Â Â  8.Â Â  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV,
200 S.W.3d 866 (Tex. App.ÂWaco, dissent to order ) (by Gray, C.J.);

Â Â  9.Â Â  In re Long, No. 10-06-00239-CV (Tex. App.ÂWaco Sept. 27, 2006, order) (ordering response to petition);

Â  10.Â  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV, 209
S.W.3d 336 (Tex. App.ÂWaco 2006, order) (court mails documents to respondent
without proof of service) (Gray, C.J., dissenting);

Â  11.Â  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV,
211 S.W.3d 481 (Tex. App.ÂWaco 2007, dissent to order by Gray, C.J.) (dissent
to letter order requiring trial judge to pay fees);

Â  12.Â  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV,
2007 Tex. App. LEXIS 2021 (Tex. App.ÂWaco Mar. 14, 2007, orig. proceeding)
(Gray, C.J., dissenting) (petitions grantedÂtrial court abused discretion in
ordering district clerk not to accept LongÂs lawsuits for filing);

Â  13.Â  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV,
2007 Tex. App. LEXIS 2021 (Tex. App.ÂWaco Mar. 14, 2007, Gray, C.J., dissenting
to letter order issued regarding granting LongÂs motion to submit new
evidence);

Â  14.Â  In re Long, No. 10-06-00311-CR, 2006 Tex. App. LEXIS
9510 (Tex. App.ÂWaco Nov. 1, 2006, withdrawn) (Gray, C.J., concurs without
separate opinion) (petition to compel judge to address and resolve issue
identified by CCA denied.Â  Long had an adequate remedy and did not avail
himself of it);

Â  15.Â  In re Long, No. 10-06-00311-CR, 2006 Tex. App. LEXIS
10548 (Tex. App.ÂWaco Dec. 6, 2006, order) (withdrawing opinion dated Nov. 1,
2006);

Â  16.Â  In re Long, No. 10-06-00311-CR, 2006 Tex. App. LEXIS
10546 (Tex. App.ÂWaco Dec. 6, 2006, orig. proceeding) (Gray, C.J., concurring)
(petition denied; Long seeks to have final felony conviction overturned; court
has no jurisdiction); and

Â  17.Â  In re Long, No. 10-06-00311-CR, 2007 Tex. App. LEXIS
564 (Tex. App.ÂWaco Jan. 24, 2007, Gray, C.J., concurring in response to LongÂs
motion for rehearing) (publish).

Â 





[6]Â 
I doubt either the trial court or I would
delude ourselves into thinking that the majority will not subsequently argue
for Mr. Long that the trial courtÂs vacating order included the February 20,
2007 order, even though it was not before us in those proceedings and not
referenced in the trial courtÂs vacating order.